TotteN, J.,
delivered tbe opinion of tbe court.
Tbe plaintiff, as administrator, with tbe will annexed of said L’Hommedieu, deceased, filed a bill in chancery to administer the assets of bis intestate to tbe creditors pro rata, under the insolvent law. Tbe Bank of Tennessee was a creditor of said intestate for $20,000; to secure the payment of which it held a mortgage on a lot of land on which was erected a flour mill and distillery near Nashville* The mortgage was executed by said intestate and others. The bank set up its lien, and the land was sold to the bank for $20,000, and the same was credited on its debt. The defendant, Iluff, filed his petition in said suit, claiming to be a creditor of said intestate for $799.21, for brick work done by him- as a mechanic, on said lot of land. It appears that after said mortgage was executed and registered, the buildings on said land were destroyed by fire; and said intestate and those interested with him, employed said Huff to- do brick work in rebuilding and repairing the same. The demand of said Huff is for a balance due on that account, and he claims that he has a priority over the mortgagee for work done as a mechanic, on the premises.
The mechanic has a lien by statute for one year, upon any lot or tract of land for work done or materials furnished at the instance of the “ owner,” in building or repairing any house or fixture thereou. Meigs’ Dig., § 1258.
Now, the mortgagor, it is true, is the real owner of the land in equity, and if he employ mechanics to make improvements upon it they acquire a lien thereon *274 for payment. Eor tbe mortgagee is considered as a ’creditor, not owner; and the only interest he has in the land, consists in a lien or security for the payment of his debt. It is a mere chattel interest. The mortgagor may exercise the rights of owner, if he do not commit waste or otherwise impair the security. Brady vs. Waldran, 2 John. Ch. R., 148. But, “in ordinary cases he is not bound to repair and keep the estate in good order; and there is no instance in which a court of equity has undertaken to correct permissive waste, or to compel the mortgagor to repair.” 4 Kent’s Com., 162. Campbell vs. McComb, 4 Johns. Ch. Rep., 534. It is true, that one of two joint tenants, or tenants in common, may make proper and reasonable repairs of houses or mills, on an estate in which they have a community of interest, and be entitled to contribution from the other, because they are equally owners of the estate, entitled- to its use and enjoyment; and because, as Lord Ooke says, owners are bound pro bono publico, to maintain houses and mills, which are for habitation and use of men. Co. Litt., 200, b. 4 Kent, 370. But this rule applies to the case of joint owners, and can have no application to the case before us; for the mortgagee is not owner in the sense of the rule.
The mortgagor was under no obligations to the mortgagee to repair the buildings destroyed by fire. It was at his discretion to repair them or not in view of his own interest. Nor was the mortgagee bound to concur in making the repairs, or liable in any sense, for the expense, without his consent.
The case then results in this: That the repairs were made at the request of the mortgagor, and upon *275 Ms credit. The mechanic was also entitled to a lien on the mortgagor’s interest in the land as a security for payment. But ás there was. a prior lien of which the mechanic had notice, and as the interest of the mortgagor is subject to that lien, the mechanic could acquire no greater or higher interest by his contract with the mortgagor than- that which the mortgagor possessed. The mechanic knew, or might have known of the existence of the prior lien, and has no cause to complain that it is entitled to a priority of payment. Under a different rule, it would be in the power of the mortgagor to destroy the security by erecting costly improvements, the expense of which, the estate improved would not be able to pay.
We are of opinion that the mortgagee is entitled to priority of payment over the lien of the mechanic for work dbne and materials furnished, after notice of the existence of the prior lien. The registry of the mortgage is such notice.
The Chancellor held a different opinion; his decree will therefore be reversed.
Decree reversed.